**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **V.** | § | **A-08-CR-453 SS** |
| | § | |
| **TRENT THOMAS** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b)(3). This case has been referred, by order of the District Court, to the United States Magistrate Judge for the taking of a felony guilty plea and the Federal Rule of Criminal Procedure Rule 11 Allocation. All Parties executed a waiver of the right to plead guilty before a U.S. District Judge as well as a consent to proceed before a United States Magistrate Judge.

On February 2, 2009, the defendant and counsel appeared before the Magistrate Judge, who addressed the defendant personally in open court and informed the defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure and determined that the defendant was competent to plead guilty and fully understood said admonishments.

The defendant pled guilty (without a plea agreement) to Count One of One-Count Indictment, which alleges a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The defendant also agreed to acquiesce to the United States of America's Demand for Forfeiture and forfeit (1) one Taurus, Model PT111, 9mm caliber handgun bearing Serial Number TVJ80755; and (2) one Glock, Model 23, .40 caliber handgun bearing Serial Number LEY760. The Court explained to the defendant the recent changes in sentencing as a result of the Supreme Court's decisions in *United States v.*

*Booker* and *United States v. Fanfan*, and advised the Defendant that he could be sentenced within the full range permitted by the statute. The Court also explained that parole had been abolished. The Court explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and the statutory fee assessment pursuant to the Victims of Crime Act. The Court also advised the defendant of all of his constitutional and statutory rights, including the right to proceed to trial, that at trial he would be presumed to be innocent, and that at trial he could remain silent without an inference of guilt. The defendant indicated that he understood all of his rights, understood the range of punishment applicable to the charge, and desired to plead guilty.

The Magistrate Judge finds the following:

1) The defendant, with the advice of his attorney, has consented orally and in writing to enter a guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2) The defendant was competent to enter the plea of guilty, and had both a factual and rational understanding of the proceedings against him.

3) The defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against his or the consequences of his plea.

4) The defendant has not had any injury that would affect his judgment in pleading guilty or that would affect his understanding of the basis, consequences, or effect of his plea;

5) The defendant was sane and mentally competent to stand trial for these proceedings;

6) The defendant was mentally competent to assist his attorney in the preparation and conduct of his defense;

7) The defendant fully understands the nature of the charges and penalties, and had the opportunity to discuss the charges and any defenses to those charges with his attorney;

8) The defendant understands that he has a right to a jury trial on the charges, at which he would be presumed to be innocent and would not have to establish his innocence, and he understands all of his constitutional and statutory rights related to the charge and wishes to waive those rights;

9) The government gave a summary of the evidence against the defendant, the material elements of which the defendant agreed to;

10) The defendant understood the status of the law on sentencing and that he could be sentenced within the full range permitted by the applicable statute;

11) The defendant is satisfied with his attorney's representation;

12) There is an adequate factual basis for this plea; and

13) The defendant's plea was made freely, voluntarily and intelligently.

## RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court accept the plea of guilty and, after reviewing the presentence investigation report, enter final judgment of guilt against the defendant.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained within this Report within ten (10) days after being served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this the 2nd day of February, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE